

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / X *@becketfund*
www.becketfund.org

January 7, 2025

**VIA CM/ECF**

Mr. Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

>   **Re:    Response to Request for Proposed Briefing Schedule**
>   ***USCCB v. EEOC*, No. 25-30398.**

Dear Mr. Cayce:

Appellants (the Bishops) write in response to this Court's directive that the parties confer and provide a proposed briefing schedule for this appeal. *See* Dkt. 63.

The Bishops propose that their opening brief be due February 27, 2026; that EEOC's response brief be due March 30, 2026; and that the Bishops' reply brief be due April 20, 2026. However, as explained below, if the Court is inclined to grant EEOC's request to delay issuance of the briefing schedule, the Bishops respectfully request that the Court limit the delay until April 1, 2026, after which time it would issue a standard briefing schedule as provided under the rules. *See* Fed. R. App. P. 31(a).

**Relevant background.** This appeal arises from the Bishops' challenge to EEOC's Final Rule interpreting and implementing the Pregnant Workers Fairness Act (42 U.S.C. § 2000gg *et seq.*) under the First Amendment, the Religious Freedom Restoration Act, and the Administrative Procedure Act. On October 10, 2024, the Bishops moved for partial summary judgment against challenged requirements to accommodate both abortion and other actions that violate Catholic beliefs, such as the use of contraception.

On May 21, 2025, the district court ruled that the Final Rule's requirement to accommodate purely elective abortion violated the APA. But the court refused to grant APA relief against accommodating other abortions on the grounds that such accommodation was required by the PWFA statute itself. *See Louisiana v. EEOC*, 784 F. Supp. 3d 886, 911 n.24 (W.D. La. 2025). It also declined to enter the Bishops' requested relief against abortion accommodation under the First Amendment, RFRA, and the PWFA's statutory religious exemption. And it declined to grant the Bishops' requests for protection against other types of objectionable accommodation requirements. The court said it would address these remaining claims later. *See id.* at 909 & n.23.



The court entered an injunction and partial final judgment pursuant to Fed. R. Civ. P. 54(b) on the APA claim regarding abortion accommodation. The Bishops appealed the judgment, and also sought an injunction pending appeal protecting them from being required to accommodate abortions during the pendency of the appeal, raising First Amendment, RFRA, and PWFA religious-exemption defenses. Following Federal Rule of Appellate Procedure 8 briefing before the district court and this Court, and guidance from this Court that the district court should expeditiously resolve the motion, the district court granted the Bishops an injunction pending appeal preventing EEOC from enforcing any abortion accommodation requirements against them during the pendency of this appeal. Dkt. 60. At the same time, the district court also issued a preliminary injunction against enforcement of the other objectionable requirements. *Id.*

The Bishops' claims against abortion accommodations are before this Court for disposition. The Bishops' claims against the other objectionable requirements are before the district court. On August 22, 2025, the Bishops renewed their motion for partial summary judgment against those requirements. Briefing concluded on December 16, 2025.

**Bishops' proposal.** Given the injunction currently protecting the Bishops' rights, the Bishops believe this appeal can proceed in the normal course before this Court, on the briefing schedule proposed above.

**Bishops' response to EEOC's proposal.** EEOC instead believes that this Court should stay further proceedings in this appeal while the district court resolves the Bishops' remaining claims below. But the Bishops' pending renewed motion for partial summary judgment involves claims focused on distinct religious objections to EEOC's interpretation of the statute and its Final Rule. It is thus inefficient to delay resolution of the issues before this Court. If necessary, the parties can file short supplemental briefing with this Court after the district court issues its ruling.

If this Court is inclined to delay issuance of a briefing schedule to allow the district court to rule, the Bishops respectfully request that the Court limit the delay until April 1, 2026, to promote the timely resolution of this appeal. By that time, the Bishops' original motion for partial summary judgment will have been filed almost 18 months previously, and its renewed motion on the same issues will have been filed 7 months previously, giving the district court sufficient time to issue a final judgment before that date. If the district court does not issue a judgment by April 1, 2026, the Bishops respectfully request that the Court issue a standard briefing schedule on that date.



1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006

Respectfully submitted,

*/s/ Benjamin A. Fleshman*

JAMES R. CONDE
BOYDEN GRAY PLLC
800 Connecticut Ave. NW
   Suite 900
Washington, DC 20006
(202) 955-0620

DANIEL H. BLOMBERG
LAURA WOLK SLAVIS
ANDREA R. BUTLER
JORDAN T. VARBERG
BENJAMIN A. FLESHMAN
THE BECKET FUND FOR
   RELIGIOUS LIBERTY
1919 Pennsylvania Ave. NW
   Suite 400
Washington, DC 20006
(202) 955-0095
dblomberg@becketfund.org

*Counsel for Plaintiffs-Appellants*